UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AURELIO CIDONIO GARZON,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

Case No. 2:26-cv-02688-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. ORDER

On July 30, Petitioner filed a petition for a writ of habeas corpus, asserting that he has been unlawfully subject to mandatory detention since May 6 in the Northwest ICE Processing Center ("NWIPC"). Dkt. 1 ¶¶ 1, 3. The Immigration Judge ("IJ") who denied bond to Petitioner found he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but ruled in the alternative that, if she had jurisdiction, she would find him eligible for release upon posting of a $15,000 bond. Dkt. 6-1. On the same day the petition was filed, the Ninth Circuit affirmed this Court's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id*. Under this decision, Petitioner is eligible for bond.

On August 14, Respondents filed a response in which they stated that since the Ninth Circuit's decision in *Rodriguez Vazquez*, ICE acknowledges that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and will accept Petitioner's bond without a district court order. Dkt. 4 at 2; Dkt. 5 ¶ 7. Respondents argue that the petition should therefore be denied as moot. Petitioner has not filed a traverse contesting any of these statements made by Respondents.

Accordingly, the Court ORDERS as follows:

1. Because Respondents concede that Petitioner is detained under 8 U.S.C. § 1226(a) and may post bond at any time, the petition for writ of habeas corpus (Dkt. 1) is DENIED as moot.

Dated this 31st day of August, 2026.

Tiffany M. Cartwright
United States District Judge